**BLD-191**                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3132
_____

FERNANDO REAL,
                                        Appellant

v.

THOMAS GRENEVICH; Unit Manager at SCI Phoenix; JOHN DOE ONE, Correction
Officer at SCI Graterford; JOHN DOE THREE, Correction Officer at SCI Phoenix SC,
TURNAGE; Correction Officer at SCI Phoenix; SPAGNOLETTI, Correction Officer at
SCI Phoenix, Individually and in their official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04128)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2022

Before: MCKEE[1], GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed January 4, 2023)
_____

OPINION[*]
_____

_____

[1] Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Fernando Real, a state inmate proceeding pro se and in forma pauperis, appeals from the District Court's judgment. We will summarily affirm.

I.

Real was incarcerated in the general population at State Correctional Institution – Graterford (SCI-Graterford). In September 2017, Real attacked another inmate with a shank. He was sanctioned with 120 days of confinement in the Restrictive Housing Unit (RHU), where he submitted grievances challenging his conditions of confinement. Shortly after the expiration of Real's RHU term, he was transferred to SCI-Greene.

Real initiated the present action pursuant to 42 U.S.C. § 1983. In the operative amended complaint, Real asserted a First Amendment retaliation claim, an Eighth Amendment conditions-of-confinement claim, and a state conversion claim against several prison officials. After discovery, defendants filed a motion for summary judgment, which the District Court granted. Real appealed.[2]

II.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion for summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm if the appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Real first contends that his separation from the general population and transfer to SCI-Greene occurred in retaliation for filing grievances challenging his conditions of confinement. To set forth a prima facie retaliation claim, Real must establish that (1) he engaged in a constitutionally protected activity, (2) he suffered an adverse action, and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

After the inmate attack, Real was placed in disciplinary custody and transferred to the RHU for 120 days (September 19, 2017 to January 17, 2018). In the RHU, Real submitted three grievances, discussed in detail below, challenging his conditions of confinement. Those grievances were received on January 12, 2018. On January 18, 2018, Real was removed from disciplinary custody but was placed in administrative custody pursuant to a separation-and-transfer order, which mandated that Real be separated from the inmate he attacked until he could be transferred out of SCI-Graterford. On or around February 1, 2018, Real was permanently transferred to SCI-Greene, a facility that is a five-hour drive from is family. ECF No. 33-5.

Real has set forth a prima facie retaliation claim. Grievance-filing is constitutionally protected activity; the parties agree that his transfer to a prison five hours away from Real's family is an adverse action; and the six-day time period between the grievance-filing (January 12, 2018) and the implementation of the separation-and-transfer order (January 18, 2018) suggests retaliatory motive. See id. (an "unusually suggestive

3

temporal proximity" between the protected activity and purported retaliatory action can establish retaliatory motive).

Summary judgment for defendants was nevertheless proper because they could avail themselves of the "same decision defense."[3] See id. The record demonstrates that defendants separated and transferred Real because he attacked an inmate with a shank, which undermined the safety and security of the facility. See ECF No. 33-6 at p. 2 (Spagnoletti's declaration noting that an attack on an inmate with a shank was sufficient ground to support a separation and transfer); ECF No. 33-4 (explaining that Real was being separated and transferred because he had attacked another inmate).

### III.

Turning to Real's Eighth Amendment claim, to establish a conditions-of-confinement violation, Real must demonstrate that (1) objectively the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) subjectively the prison officials acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 833 (1994). While in the RHU, Real submitted three grievances, stating that, for a three-week period, prison officials failed to make rounds on his block, the showers were not cleaned, and he did not receive clean bed sheets, towels, and jumpsuits. The unsanitary conditions exacerbated Real's preexisting skin condition.

---

[3] When a prisoner establishes a prima facie retaliation claim, the burden shifts to the defendants to establish that they would have made the same decision, absent the protected conduct, for reasons reasonably related to a legitimate penological interest.

Real regularly received prescriptions for ointment to treat that condition before, during, and after his confinement in the RHU.

The District Court properly granted summary judgment on this claim because Real has not demonstrated that prison officials acted with deliberate indifference to his conditions of confinement. As evidence of culpability, Real pointed to Correctional Officer Grenevich's denial of his grievance; Grenevich stated that, although laundry had not been done on Saturday, Real had been given an "[o]pportunity to exchange linen the following Monday," explained that "unforeseen circumstance[s]" occasionally prevented laundry exchanges from taking place on assigned days but such exchanges do occur. ECF No. 33-2 at p. 4. On appeal, the facility manager explained that the prison policy mandating "at least weekly" linen exchanges "was not being followed[] due to shortages in jumpsuits and bed linens," but said the problem had been corrected. Id. at p. 2. As the District Court noted, "[a]t most, the record establishe[d] negligence by failing to provide laundry services on schedule for a limited time," and nothing suggested that Grenevich was aware that the linen deprivation posed an intolerable risk of harm to Real. ECF No. 44 at p. 12. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (an official is deliberately indifferent when he is "actually aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."). Nor does the record suggest that Real was deprived of access to treatment for his rash. Real has not

5

demonstrated that Grenevich "knowingly and unreasonably disregard[ed] an intolerable risk of harm" in denying his request for clean linens.  See Farmer, 511 U.S. at 846.

IV.

Finally, the District Court properly granted judgment in favor of defendants on the conversion claim.  As explained by the District Court, the record does not support Real's claims of trespass to chattel or conversion.[4]  See ECF No. 44 at pp. 12-13.

Real's appeal presents no substantial question, and we will summarily affirm the District Court's judgment.  3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[4]  Real also expressly appeals from the District Court's October 13, 2020 denial of his motion to compel discovery.  We see no reason to disturb the District Court's denial.